UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMRICA                CRIMINAL ACTION NO: 11-105

VERSUS                                 JUDGE BRADY

MICHAEL HUNTER, ET.AL                  MJU

MOTION TO CONTINUE TRIAL

**NOW INTO COURT,** through undersigned counsel, comes Louis Age, Jr. Mr. Age moves the Court to continue the trial of this matter, for the following reasons and in the following respects, to-wit:

I.

Undersigned counsel agreed to represent Louis Age, Jr. in the captioned matter on or about January 22, 2013. Counsel was advised at that time that this Court was steadfast in keeping the currently-scheduled trial date of March 20, 2013. Counsel was thus aware that a pre-condition to this representation was that the case would proceed to trial on March 20, 2013. Undersigned counsel took the case fully aware of and willing to comply with that necessity.

II.

A very regrettable and unforeseen series of events involving counsel's elderly father has rendered counsel unable to proceed to trial on March 20, 2013.

III.

On or about March 4, 2013, counsel's seventy-eight (78) year-old father was taken to Willis-Knighton Hospital in Bossier City, Louisiana with bloody nausea and abdominal issues. Tests run at the hospital indicated that adhesions had formed

1

consisting of scar tissue remaining from major abdominal surgery performed on Mr. Hill in the latter part of 2011. This car tissue had wrapped around Mr. Hill's small intestine and constricted his bowels.

IV.

On March 7, 2013 at approximately 5:00 P.M., undersigned counsel received a text message from his father's significant other saying simply "PRAY SOMETHING BAD HAPPENING." Subsequent communications revealed that the elderly Mr. Hill was retaining fluid as a result of the constriction and that his condition was rapidly deteriorating. A CT Scan revealed that he had double pneumonia occluding 90% of both lungs and that his condition was life-threatening. It was believed that Mr. Hill would pass away during the night even before undersigned counsel---who lives in New Orleans----would be able to get to Shreveport.

V.

Although his condition is by all accounts terminal, Mr. Hill showed slight improvement this morning. Physicians are aggressively treating the pneumonia and Hill remains fitted with a 100% oxygen mask. Without the mask, Mr. Hill cannot breathe. If he survives through the weekend, Mr. Hill will likely be removed to a hospice facility next week.

VI.

Undersigned counsel suggests that these events require a continuance of this case. Although counsel does not wish his personal problems to interfere with this Court's schedule, counsel believes that the pendency of his father's death would weigh on his mind such that he could not adequately represent his client at trial. Furthermore, even if

2

forced to go to trial, a substantial likelihood exists that counsel could be called on at a moment's notice to go to Shreveport to witness the death of his father. Such a likelihood would either cause further disruption to all concerned or would create a situation where counsel was forced to remain at trial as his father passed away. Counsel suggests that the better part of discretion would permit a short continuance so as to avoid any such disruption.

VII.

Counsel has spoken with his client and Mr. Age has agreed to this continuance.

VIII.

Mr. Age agrees that the delay sought herein should be considered excludable for purposes of the Speedy Trial Act.

IX.

Mr. Age agrees that a continuance for these purposes serves the ends of justice and outweighs the best interests of the public and the Government in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). He further suggests that a failure to grant a continuance in this case would cause a miscarriage of justice, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i). He finally suggests that the failure to grant a continuance would deny counsel the reasonable time necessary for effective preparation for trial and pretrial proceedings, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

**WHEREFORE,** Louis Age, Jr. moves this Court to continue the trial of this matter.

Respectfully submitted,

/s/ Michael W. Hill
Michael W. Hill, La. Bar No. 18074
700 Camp Street
New Orleans, Louisiana 70130
Phone No. (504)528-9500
Facsimile (504) 934-2000

**Counsel for Louis Age**

**CERTIFICATE OF SERVICE**

Undersigned counsel certifies that he has this 8th day of March 2013 e-filed the foregoing which will serve all defendants herein electronically through counsel of record.

Michael W. Hill